1810.

*Norwood*
*vs*
*Norwood.*

---

## NORWOOD vs. NORWOOD.

June.

APPEAL from *Baltimore* county court. *Assumpsit* by the appellant against the appellee, for *money laid out, expended and paid.* Plea, the general issue. At the trial the plaintiff proved that an action of ejectment had heretofore been instituted in the general court, by *Charles Carroll* and others' lessee, against the plaintiff and defendant in the present action, for two tracts of land called *Enlargement* and *Brown's Adventure.* That after the institution of that ejectment, *Carroll* and others' lessee, brought another action of ejectment in the general court also against the plaintiff and defendant, for a tract called *Yates his Forbearance,* in which last action the plaintiff there obtained a verdict and judgment, against the present plaintiff and defendant, for possession of the tract called *Yates his Forbearance,* and also for the costs expended by the plaintiff in made out, whereby a large amount of costs was unnecessarily incurred, and altho' he gave notice that he would pay no part of such costs.

In an action of *assumpsit* for money laid out, expended and paid by E N for S N, being for one half of the costs recovered against them in an action of ejectment, wherein they were joint defendants and made a joint defence—Held, that E N is entitled to recover altho' S N, with a view to save costs, agreed with the plaintiff in the action of ejectment, that certain old plots, on which the lands in dispute were located, should be used in evidence at the trial, but which agreement E N, refused to accede to, and insisted that new plots should be

that action, amounting to £186 4 10, the whole of which was paid by the present plaintiff. The plaintiff also proved, that in the first aforesaid action of ejectment, a judgment of *nonsuit* was entered, from which there was an appeal to the court of appeals, where the same was reversed, and judgment entered for *Carroll* and others' lessee, against the plaintiff and defendant in this action, for the costs of the appeal, amounting to £58 6 4, and which costs were also paid by the plaintiff here, to the agent of *Carroll*, and others, as by a receipt exhibited. This action was brought to recover a moiety of those costs. The defendant then proved, that in the first mentioned ejectment for *Enlargement* and *Brown's Adventure*, there had been certain plots and locations made by order of the general court, which were returned and filed in that court as proceedings in that ejectment, and also that certain depositions of witnesses, relative to the boundaries and lines of those tracts of land, had been taken by consent in that action. That *William Hammond* was the legally authorised attorney of *Carroll* and others' lessee, in both of the above mentioned ejectments, and that the plots and locations, which had been made in the first mentioned action for *Enlargement* and *Brown's Adventure*, were precisely the same that must necessarily be made in the other ejectment for *Yates his Forbearance*, as far as they went, and that it would only be necessary to make some trifling additions to render them completely sufficient to try the ejectment for *Yates his Forbearance*. The defendant also proved, that *Hammond*, the attorney for *Carroll* and others' lessee, entered into the following agreement with the defendant in this action: "That the plots used in the former ejectment, which was tried between *Charles Carroll*, and company, and *Edward* and *Samuel Norwood*, shall be used in the cause now depending between the same plaintiffs, and *Samuel Norwood*, each party having liberty to make such amendments to those plots as they may think necessary." He also proved, that the plots mentioned in this agreement were the same which had been made in the ejectment for *Enlargement* and *Brown's Adventure*, and that the cause mentioned, as "now depending," in the agreement, was the ejectment for *Yates his Forbearance*. The defendant also proved, that he entered into another agreement with *Hammond*, the attorney of *Carroll* and others' lessee, "that the admissions of boundaries, proofs

and depositions, taken in the former cause between the same parties, shall be received in evidence in the same manner as if they had been taken in the present suit." And that the depositions in the last agreement mentioned are the same depositions herein before mentioned, which were taken by consent in the ejectment for *Enlargement* and *Brown's Adventure*, &c. The defendant also proved that *Hammond*, the said attorney, after the two agreements had been entered into, applied to the plaintiff in this action, and desired him, in order to save costs and trouble, to enter into the same agreement with him, to which the plaintiff at the time consented, but afterwards utterly refused to do, alleging as his reason, that he never would agree to any thing which was recommended by *James Winchester*, (the present defendant's counsel,) and that new plots and locations must be made. The defendant also proved, that after the judgment of *nonsuit* was given in the general court against *Carroll* and others' lessee, in the ejectment for *Enlargement* and *Brown's Adventure*, *Carroll* and others' lessee, instituted another ejectment in the general court, for the two tracts of land called *The Enlargement* and *Brown's Adventure*, and that it was agreed on all sides, both by the plaintiff and defendants in the last mentioned ejectment, that the plots and locations, which had been made in the first suit brought for the same tracts of land, should be used in the last mentioned action for the same lands, and that the said plots were so used, and no others were ever made in the last ejectment. That when the sheriff of *Baltimore* county served a notice on the defendant, to make locations in the last suit of the three ejectments in which locations were made, he informed the sheriff that he should not make any locations in that case, nor would he pay any part of their expense. He also proved, that when the sheriff and surveyor were actually making locations, and and laying down pretensions, by the direction of the present plaintiff, on the last occasion, he, the present defendant, told the sheriff and surveyor that he would have nothing to do with the locations they were making, nor would he pay any part of the expense. The defendant also proved, that the defendants in the last mentioned ejectment, recovered a judgment in the general court for the sum of £131 2 S, it being the costs of the ejectment for *Enlargement* and *Brown's Adventure*, in which a judgment of

1810.

Norwood
vs
Nurwood

*nonsuit* was rendered against *Carroll* and others' lessee, and that of the said sum the defendant in this action received £19 1 0, alleging that he had paid to that amount, and claiming no more, and that the present plaintiff received the balance, being £112 1 3. That on the ejectment instituted for *The Enlargement* and *Brown's Adventure*, the defendants in that action were entitled to £39 12 0, as costs, from *Carroll* and others' lessee, which were discounted in payment of so much of the sum of £58 6 4, herein before mentioned, as costs recovered in the court of appeals by *Carroll* and others' lessee, against the present plaintiff and defendant, and is a part of the £58 6 4, stated to be paid to the agent of *Carroll* and others' lessee, by the present plaintiff, in the receipt exhibited, and that the balance of the £58 6 4, viz. £18 14 4, was paid exclusively by the present plaintiff; and that the £58 6 4, was discharged as just above stated, and not by a payment of money by the plaintiff, as the receipt purports. The defendant then moved the court to direct the jury, that if they should believe that any part of the aforesaid costs were incurred by the plaintiff unnecessarily, and contrary to the wish and consent of the defendant, and contrary to the agreements herein before mentioned between *Hammond* and the defendant, that the plaintiff was not entitled to recover in this action one half thereof from the defendant. But the court, (*Nicholson* Ch. J.) refused to give the direction to the jury; and directed the jury, that the plaintiff was entitled to recover the same, inasmuch as the sum of money, for which the present suit was instituted, was the legal costs of suit which had been expended by *Charles Carroll* and others' lessee, in prosecuting an ejectment against the present plaintiff and defendant; that for these costs a judgment had been rendered in the general court against the present plaintiff and defendant; that each was bound for the whole to the plaintiff in ejectment, by the judgment which had been rendered against them, and that if the whole amount had been paid by either, he had a right to recover a moiety from the other. That the defendants in ejectment might have severed in their defence, and ought to have done so, if either had no confidence in the other; that by agreeing to defend the suit jointly, each had a right to direct such locations, as he thought would contribute to their mutual defence. That this suit, however,

was not for money paid by the plaintiff for locations made by himself, but for costs incurred by the plaintiff in ejectment in making his locations, and in otherwise prosecuting his suit for which a judgment had been rendered jointly against the present plaintiff and defendant. The plaintiff in ejectment might perhaps have insisted, at the trial, upon the agreement with the present defendant, and might not have made other locations than those contained on the old plots, but this he did not chuse to do. He went on to make entire new plots, for the expense of which he recovered his judgment, and the present defendant is liable for his moiety to the present plaintiff, unless he can show himself entitled to other credits than those contended for by reason of the new plots. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The case was argued before CHASE, Ch. J. BUCHANAN, GANTT, and EARLE, J. by

*Winder*, for the Appellant, (who cited 2 *Com. on Contr.* 151,) and by

*Key*, for the Appellee.

THE COURT concurred with the court below in the opinion given in the bill of exceptions.

BUCHANAN, J. In this case I differ in opinion with the rest of the court. [He here stated the facts.]

The question is, whether the plaintiff can, in an action for money paid, &c. recover from *S. Norwood* one half of so much of the costs adjudged against them in the action of ejectment as might have been saved under the agreement.

The action of *assumpsit* is an equitable action, and in order to support it the law will often raise an implied promise according to the circumstances of the case. But there must always be either an express or implied undertaking. In this case there is neither, on the contrary all the equity is with the appellant. The costs of making out new plots, so far as they contain the same locations which were made on the old ones, and of the attendance of witnesses whose depositions had before been taken, were incurred by the plaintiff in the ejectment, in consequence of *E. Norwood's* refusal to accede to the agreement. But it is said, that the judgment in the action of ejectment was joint, and

1810.

Maryland Insurance Company.
vs.
Graham.

that each of the defendants in that suit was bound for the whole of the costs adjudged to the plaintiff, which the appellant might have avoided by severing in his defence. But I cannot perceive how his not having severed, in any manner affects the case; for defendants may sever in their defence in other actions of tort, and yet if a joint judgment for damages is rendered against two in an action of trespass or trover, &c. and one pays the whole, he cannot recover against the other a moiety of the money so paid. Nor can one security, who is compelled to pay the whole of the money, in all cases resort to his co-security for a contribution; as if one becomes a joint security at the instance of another, though he is thereby made liable to the person to whom the security is given, yet he cannot be. called upon by the other, because it was at his instance that he became a security. And this is a stronger case, with more equity on the side of the appellant; for the costs, which are the subject of controversy, were not only incurred at the instance of the appellee, but against the consent of the appellant; and the law therefore will not raise against him an implied undertaking to pay, and the judgment being joint makes no difference, and cannot shut out any equitable defence which the party might otherwise have had.

JUDGMENT AFFIRMED.

---

JUNE.

MARYLAND INSURANCE COMPANY VS. GRAHAM.

In an action of covenant on a policy of insurance, stating that H and W Y for account of T G (the plaintiff) did make insurance, and cause themselves, and their and every of them, to be insured, &c. and the assurers, (being a corporate body) executed the Policy under their common seal. The declaration stated that the plaintiff, according to the usage & custom of merchants, (through and by H & W Y his attorneys and agents,) in his own name, did make insurance &c, Held that the action was well brought.

APPEAL from Baltimore County Court. Covenant by the appellee against the appellants. The declaration stated, "That whereas by a certain deed made between Thomas Graham of the one part, and The Maryland Insurance Company of the other part, at Baltimore county, on the twenty-fourth day of September, in the year one thousand eight hundred and two, which deed, sealed with the seal of The Maryland Insurance Company aforesaid, the said Graham here into court brings, the date whereof is on the day and year aforesaid, the said Graham, according to the usage and custom of merchants, (through and by Hugh Young and William Young, merchants, trading in partnership under the name and firm of Hugh and William Young, his attorneys and